UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS E. BEESON and DONNA L. BEESON, <br><br> Debtor-Appellants, <br><br> v. <br><br> MIRIAM STEIN GRANEK, ADELMAN & GETTLEMAN, LTD., and OFFICE OF THE UNITED STATES TRUSTEE, <br><br> Appellees. | No. 25 CV 1864 <br><br> Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

Thomas and Donna Beeson voluntarily filed for Chapter 11 bankruptcy in 2021. *In re Beeson*, 21-bk-06718 (Bankr. N.D. Ill.). Three years later, the Beesons successfully emerged from bankruptcy—the bankruptcy court awarded fees to the Chapter 11 Trustee and her counsel and discharged the trustee from her duties. Bk. Dkt. 579, 580 & 591.[1] Seven months after that, the Beesons filed a motion under Federal Rule of Civil Procedure 60 for relief from the fee orders. [13-8] at 323–495. The bankruptcy court denied their motion, and the Beesons timely filed a notice of appeal. [13-9] at 39–45. This is not an appeal from the fee order; the only order this court has jurisdiction to review is the bankruptcy court's denial of Rule 60 relief from the fee order. The question before me is narrow: did the bankruptcy judge abuse her

---

[1] Entries on the bankruptcy court docket are referenced as "Bk. Dkt. [Docket Number(s)]." Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of the filings.

discretion in denying the Beesons' motion for relief from the fee order? She did not, so I affirm.

The bankruptcy court proceedings spanned over four years and disposed of several contentious issues that appellants seemingly would like to relitigate. For the purposes of this appeal, however, this court only has jurisdiction over the Rule 60(b) order. *See* [13-9] at 39–45; 28 U.S.C. § 158(a)(1).

In May 2021, the Beesons (debtors below and appellants here) filed for Chapter 11 bankruptcy, seeking to reorganize their estate and estate obligations. [18] at 8. They estimated that their assets were worth nearly $12.9 million, and their liabilities valued at less than $4.4 million, making them a good candidate for Chapter 11 reorganization. [18] at 8. To facilitate reorganization, on July 29, 2022, the bankruptcy court directed the United States Trustee to appoint a Chapter 11 Trustee to perform all duties prescribed by the bankruptcy code. [18] at 10; 11 U.S.C. § 1106. The U.S. Trustee selected Miriam Stein Granek. [18] at 11. Stein Granek, in her capacity as Chapter 11 Trustee, then employed Adelman & Gettleman, Ltd. as counsel. Bk. Dkt. 295.

Several real estate assets made up almost all the value in the Beesons' estate, but the most valuable was a 5-acre plot in Deerfield, Illinois, which the parties call the South Parcel. The Beesons estimated that the South Parcel was worth over $9 million, but when the Chapter 11 Trustee liquidated the asset in an arm's-length transaction, it sold for $3,750,000. [13-7] at 421–27. The gap between the anticipated and actual sale price of the South Parcel forced the liquidation of a second property,

a beachfront home in North Carolina, and much of the Beesons' subsequent dissatisfaction with the bankruptcy process. [18] at 15–16.

On September 20, 2023, Stein Granek filed an application for allowance of payment and final compensation for her and her counsel, Adelman & Gettleman, Ltd. Bk. Dkt. 490. The Beesons filed objections to the applications, Bk. Dkt. 499 & 517, and a motion to remove the trustee, Bk. Dkt. 563, contending that Stein Granek and Adelman & Gettleman had subverted the Chapter 11 process and breached their disclosure obligations.[2] On February 7, 2024, the bankruptcy court denied the motion to remove the trustee and awarded compensation to Stein Granek and her attorneys. Bk. Dkt. 594. In accord with her oral rulings at the February 7 hearing, the bankruptcy judge entered fee orders that were final and appealable. Bk. Dkt. 579 & 580. The Beesons did not appeal those orders. [14] at 5.

On September 12, 2024, more than 6 months after the time to file a notice of appeal had elapsed, the Beesons filed a motion under Rule 60(b) to set aside the opinion and fee orders. [13-8] at 328–343. In support of their motion, the Beesons submitted a proffer asking the bankruptcy court to take judicial notice of filings made by Stein Granek and her attorneys in three unrelated cases, all taking place before February 7, 2024, and a brief filed by the U.S. Trustee in another unrelated case in July 2024. [13-8] at 469–632. On January 29, 2025, the bankruptcy judge denied the

---

[2] The debtors filed an initial motion to remove the trustee on December 12, 2023, Bk. Dkt. 545, but subsequently withdrew that motion and then filed a substantially similar motion on January 9, 2024, Bk. Dkt. 563.

3

Rule 60(b) motion. [14] at 1–32. The Beesons timely filed a notice of appeal on February 21, 2025.[3]

Per Federal Rule of Bankruptcy Procedure 9024, "Fed. R. Civ. P. 60 applies in a bankruptcy case." Rule 60(b) allows for relief from an order for six reasons, including, as relevant here, "(1) mistake, inadvertence, surprise, or excusable neglect," and "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b); [18] at 32–33 (identifying the reasons for requesting relief here). "Relief under Rule 60(b) is an extraordinary remedy reserved for extraordinary circumstances." *Word Seed Church v. Vill. of Homewood*, 43 F.4th 688, 690 (7th Cir. 2022).

For motions seeking relief for a mistake of law, courts must be careful to avoid using Rule 60 to circumvent the deadlines for filing timely appeals. "A collateral attack on a final judgment is not a permissible substitute for appealing the judgment within the time" allowed by rule. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

---

[3] On February 12, 2025, the bankruptcy judge vacated her order from January 29, 2025, and re-entered it to reset the clock for the notice of appeal. [14] at 49–50. The notice of appeal deadline appears to be a recurring problem for appellants, as seen in their request for the bankruptcy judge to vacate her January 29 order, and in their insinuation of impropriety surrounding issuing a transcript for the original fee order. *See* [18] at 23 ("The Bankruptcy Court entered the minute orders on February 7, 2024, then held the transcript until weeks after the appeal deadline, issuing the transcript as its ruling on March 5, 2024."). But Fed. R. Bankr. P. 8002 allows for a notice of appeal to be filed even before entry of judgment, as long as it is after the bankruptcy court announces the decision. No rule requires a party to have a transcript of the decision to file a notice of appeal.

Federal Rule of Bankruptcy Procedure 8002, which is modeled on Federal Rule of Appellate Procedure 4, establishes strict time limits for appeals from bankruptcy judgments, orders, and decrees—"within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1); Fed. R. Bankr. P. 8002 advisory committee's notes to 2014 amendment. Relief under Rule 60(b) "is appropriately denied when a party fails to file a timely appeal and the relief sought could have been attained on appeal." *Mendez v. Republic Bank*, 725 F.3d 651, 659 (7th Cir. 2013). Typically, that means that a Rule 60(b) motion to correct a court's own error must be filed before the time to appeal runs. *Id.* at 660.

For motions seeking relief for newly discovered evidence, the movant must show that "he had evidence that was discovered after trial, the evidence was not merely cumulative or impeaching, the evidence was material, he exercised due diligence, and the evidence is such that a new trial would probably produce a different result." *Fields v. City of Chicago*, 981 F.3d 534, 554 (7th Cir. 2020). The requirement that the movant have exercised due diligence means that "Rule 60 motions cannot be used to present evidence that with due diligence could have been introduced before judgment." *Nat'l Org. For Women, Inc. v. Scheidler*, 267 F.3d 687, 710 (7th Cir. 2001), *rev'd on other grounds*, 537 U.S. 393 (2003).

On top of the demanding standard for relief from judgment under Rule 60(b), a denial of a Rule 60(b) motion is reviewed for abuse of discretion. *Word Seed Church v. Vill. of Hazel Crest*, 111 F.4th 814, 824 (7th Cir. 2024). The abuse of discretion standard is often framed as "requiring a showing that 'no reasonable person' could

5

agree with the court's ruling, even if the standard is not quite that demanding in practice." *Id.* (citation omitted).

At no point in their briefing for this appeal do the Beesons argue that the bankruptcy judge abused her discretion. The phrase "abuse of discretion," does not appear in their opening brief. *See* [18]. On appeal, "arguments not raised in an opening brief are waived." *Tuduj v. Newbold*, 958 F.3d 576, 579 (7th Cir. 2020). Their reply brief mentions the standard without ever arguing that it was met. [20] at 2. "[P]erfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority are waived." *Greenbank v. Great Am. Assurance Co.*, 47 F.4th 618, 629 (7th Cir. 2022). The Beesons' decision to dedicate their briefing almost exclusively to collateral attacks on the fee orders missed the target set by their own notice of appeal.

In any event, the bankruptcy judge did not abuse her discretion. While the Beesons argue that mistake justified relief from the fee order under Rule 60(b)(1), all their arguments were available at the time of judgment. As the bankruptcy judge correctly noted in her January 29, 2025 ruling, [14] at 15:

> Although the debtors may disagree with the conclusions of the court and how the court interprets … the Bankruptcy Code, that does not mean the court made mistakes that justify reconsideration under Rule 60(b)(1). It means that the debtors disagree with the court's rulings. The proper way to address that kind of disagreement is to file an appeal, which the debtors failed to do.

The Beesons also list Rule 60(b)(2) as a reason for relief, but they have waived any arguments for granting such relief on appeal. The only mention to newly discovered evidence in their opening brief was in a footnote stating: "Newly

6

discovered evidence, as described in the Proffer, also applies." [18] at 33 n.10. A passing mention of the one piece of "newly discovered evidence" in support of their motion—in a footnote—is perfunctory, underdeveloped, and thus waived. *See Greenbank*, 47 F.4th at 629.

As with their mistake theory, the waiver is of little consequence, however, because the bankruptcy judge correctly rejected their "newly discovered evidence." For relief under Rule 60(b)(2), the Beesons must present "newly discovered evidence that, with reasonable diligence, *could not have been discovered in time to move for a new trial* under Rule 59(b)." Fed. R. Civ. P. 60(b)(2) (emphasis added). They have presented no such evidence.

The only evidence they point to—a proffer asking the bankruptcy court to take judicial notice of several unrelated proceedings—referred to filings in four cases. [13-8] at 469–632. For three of those cases, all the filings were in the public record at the time of the fee orders and could have been discovered with due diligence. For the fourth case, the Beesons point to a filing from July 1, 2024, which could not qualify as newly discovered evidence because "[n]ewly discovered evidence must have been in existence at the time of the original judgment or pertain to facts in existence at the time of the judgment." *LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 950 (7th Cir. 2019). The bankruptcy judge did not abuse her discretion in concluding that there was no newly discovered evidence and denying the motion.

The order of the bankruptcy court is affirmed. Enter judgment in favor of appellees and terminate case.

ENTER:

                                                Manish S. Shah
                                                United States District Judge

Date: October 9, 2025